UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| APIFANIO ALVARADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 3:07 CV 518 JM |
| ) | |
| WILLIAM WILSON, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Apifanio Alvarado, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his conviction in the Lake Superior Court for murder. According to the petition, Alvarado was convicted on February 29, 1996. Alvarado appealed his conviction, the Indiana Court of Appeals affirmed the conviction, and the Indiana Supreme Court denied transfer on October 14, 1997. *Alvarado v. State*, 686 N.E.2nd 819 (Ind. 1997). Alvarado filed a petition for post-conviction relief on June 2, 2006, which has been resolved against him.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides the court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and

Effective Death Penalty Act of 1996, ("AEDPA"), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4,5 (2000).

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for filing a petition for writ of certiorari has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Alvarado's judgment of conviction became final on January 13, 1998, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired, and the statute of limitations expired in January 1999. Alvarado filed a petition for post-conviction relief in 2006, but that petition did not toll the statute of limitations because the statute of limitations had expired several years earlier. Accordingly, Alvarado's petition for writ of habeas corpus is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

For the foregoing reasons, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED.**

**ENTERED**: November 1 , 2007

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT